IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

AL RAY SHOEMAKER,

        Petitioner

Vs.                                    CASE NO. 1:07CV112-MEF

UNITED STATES OF AMERICA

        Respondent

AFFIDAVIT OF DAVID F. HOLMES IN RESPONSE TO
DEFENDANT'S MOTION UNDER 28 U.S.C. 2255

COMES NOW DAVID F. HOLMES, and files this affidavit in response to the Defendant's Motion under 28 U.S.C. 2255 pursuant to this court's order of February 7, 2007 and would state:

1. My name is David Franklin Holmes and I was the attorney of record for Al Ray Shoemaker in the above styled cause.

2. Mr. Shoemaker's motion represents that I was aware of his prior surgery for Diverticulitis.

3. I have no independent recollection of being informed of Mr. Shoemaker's prior surgery and I have nothing in my file that reflects being informed of same.

4. However, even if I was informed of Mr. Shoemaker's prior surgery, I would not have connected this to a likelihood of cancer since I have absolutely no knowledge of the correlation of a prior surgery for diverticulitis and the subsequent onset of cancer. Furthermore, I would

          not be inclined to have a person examined for an illness that was supposedly cured over 2 years prior to his sentencing.

5.    Prior to Mr. Shoemaker's plea he was facing a total sentence of 108 to 131 months had he been convicted as charged under the indictment of this case.

6.    Prior to the plea and again prior to the sentencing, the Defendant, with my advice and assistance, attempted to render substantial assistance to the government including extensive research to find the location of one of the wholesalers who sold the Defendant the pseudophedrine (i.e. "pseudo 60's") for which he was charged. This was information that the arresting officer (Tony Helms, Geneva County Sheriff's Dept.) advised that they were very interested in. Notwithstanding this effort, and the supplying of this information, and even after the offer to allow his store to be used for a sting operation, the officer failed to inform such activity to the Assistant U.S. Attorney and she vigorously fought Mr. Shoemaker's receiving any sentence less than 60 months. While the Defense fought for nothing more than 36 months, this court sentenced the Defendant to 48 months. I further believe that the actions of the local authorities in not advising the prosecution of Mr. Shoemaker's assistance (while likely unknown to the U.S. Attorney's office) were based on factors outside the parameters of the instant case.

7.    I do recall telling Mr. Shoemaker to inform the probation and parole office of any possible health issues that he had; and I note in reviewing the pre-

sentence report, that there is no reference from Mr. Shoemaker regarding his prior surgery for diverticulitis.

8. Prior to his sentencing, Mr. Shoemaker asked whether I could apply to have him sent to Pensacola for his sentence for purposes of a drug program because he thought it might shorten his sentence. However, at no time did Mr. Shoemaker ever advise me that he had a drug or alcohol problem; in fact, to the contrary he advised that he had never used drugs at all, did not drink at the time, and had drunk only somewhat in the distant past.

9. Mr. Shoemaker did contact me and was upset that I did not pursue this course of treatment advising that he would be able to get out much sooner had he been admitted to a drug treatment facility. He asked that I pursue it further and I did by contacting Mr. Doug Mathis with probation and parole to investigate his entering a program. However, shortly thereafter, Mr. Shoemaker was relocated from Maxwell due to his current illness.

10. Since the defendant's illness was diagnosed as terminal I have attempted assist him in obtaining a compassionate discharge.

11. There is no question that his condition is terminal and that his health will steadily decline. However, the Bureau of Prisons and, more specifically his treating physician, appears to have a standard that the Defendant must have a life expectancy of 6 months or less before he is eligible to receive a compassionate discharge. I have not found any authority for this principle and believe that such an application denies the Defendant his due process.

12. I very much feel that the physical and psychological trauma of the defendant's illness coupled with the fact that he apparently will spend the remainder of his life incarcerated constitutes a severe miscarriage of justice and quite likely constitutes cruel and unusual punishment for the Defendant's offense.

13. While, I feel that I have competently and professionally represented the Defendant, I do feel that he should have some relief from his current sentence.

14. FURTHER AFFIANT SAYETH NOT.

_____
DAVID F. HOLMES

STATE OF ALABAMA
COUNTY OF GENEVA

BEFORE ME appeared David F. Holmes, to me well known, who being duly sworn, deposes and says that the foregoing is true and correct to the best of his knowledge.

Dated this 16th day of February, 2007.

_____
Notary Public

My Commission expires:
6-3-2008