IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AL RAY SHOEMAKER, ) | |
| ) | |
| Petitioner, ) | |
| v.   ) | CASE NO. 1:07-cv-112-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Al Ray Shoemaker pled guilty, pursuant to a plea agreement, to aiding and abetting others by distributing a listed chemical, pseudoephendrine. He was sentenced to 48 months in prison. This cause is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. # 1) and his second Motion to Expedite (Doc. # 14). Having considered the pleadings, briefs, and arguments of the parties, the Court finds that Petitioner's § 2255 Motion is due to be DENIED and his second Motion to Expedite is due to be DENIED as moot.

**I. Factual and Procedural Background**

On June 29, 2005, a grand jury for the Middle District of Alabama returned a five-count indictment against Shoemaker and three co-defendants. On October 28, 2005, a one-count information was filed against Shoemaker. The information charged that Shoemaker aided and abetted others in knowingly distributing a listed chemical, pseudoephedrine, in violation of 21 U.S.C. §§ 841(f)(1).

Shoemaker pled guilty, pursuant to a plea agreement, to Count 1 of the information.

In his plea agreement, Shoemaker waived appeal or collateral attack of his sentence except on the basis of ineffective assistance of counsel or prosecutorial misconduct. On February 7, 2006, he was sentenced to 48 months in prison.

## II. Standard of Review

A petition under 28 U.S.C. § 2255 collaterally attacks the validity of a federal sentence. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Under § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if it "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

## III. Discussion

Petitioner argues that his counsel rendered ineffective assistance at sentencing. He also states that the Court did not have all the facts when it sentenced him. The government argues that Petitioner's claims are barred by the plea agreement. The Court agrees with the government to the extent that Petitioner seeks to raise any issues other than ineffective assistance of counsel or prosecutorial misconduct. (*See* Doc. # 7 Attach. C at 4 (barring appeal or collateral attack on grounds other than ineffective assistance or prosecutorial misconduct).) The Court views Petitioner's claim that the Court did not have all of the facts

when it sentenced him as supporting his contention that he received ineffective assistance of counsel. To the extent that Petitioner intends to bring this as a separate claim from his ineffective assistance claim, such an assertion is barred by the plea agreement. Regarding Petitioner's claim that his counsel rendered ineffective assistance, the plea agreement clearly states that the waiver does not apply to ineffective assistance of counsel. The Court disagrees with the government that Petitioner's ineffective assistance argument is barred by the plea agreement.[1] The Court therefore proceeds to the merits of his claim.

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Indeed, "to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take*." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis in original). Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*,

---

[1] The government cites *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), for the proposition that a knowing and voluntary sentence-appeal waiver precludes a § 2255 claim alleging ineffective assistance of counsel at sentencing. However, the waiver in *Williams* did not include an exception for ineffective assistance of counsel claims.

466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

Petitioner contends that his counsel rendered ineffective assistance by "failing to explore and present an accurate and up to date health picture given [Petitioner's] past health problems, his age, and the length of sentence expected." (Doc. # 2 at 6.) Petitioner filed an affidavit stating that he told his counsel about his prior colon surgery, the removal of a foot of his colon for diverticulitis, and his later operation to reverse the colostomy.[2] (Doc. # 12 Ex. 1.) He also stated that his counsel did not discuss or suggest any medical evaluation. The Court takes as true, for the purposes of its analysis, Petitioner's statements in his affidavit.

Even accepting that counsel was aware of Petitioner's prior surgeries, the Court cannot agree that counsel's performance constituted ineffective assistance. An attorney's failure to foresee a change in the law does not constitute ineffective assistance. *See Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (alteration and quotation

---

[2] Petitioner's trial counsel states in an affidavit that he does not recall being informed of Petitioner's prior surgery. (Doc. # 4 at 1.) He also states that even had he known of the prior surgery, he would not have realized the possibility of cancer because has no knowledge of the correlation between surgery for diverticulitis and subsequent cancer. (*Id.*) Further, he claims that he "would not be inclined to have a person examined for an illness that was supposedly cured over 2 years prior to [Petitioner's] sentencing." (*Id.* at 1-2.)

marks omitted)); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law."). This is true even if the claim based upon a change in the law was "reasonably available" to counsel and "had been asserted in many other cases." *See Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). Failure to foresee a change in a defendant's health is analogous. Therefore, it stands to reason that counsel was not ineffective for failing to foresee that Petitioner would develop cancer. Petitioner has failed to show that no competent counsel would have failed to investigate Petitioner's medical condition.

Petitioner also states that "if [the presence of his cancer were] known, [Petitioner] would have been better off not to have entered a binding 11(c)(1)(c) plea agreement for a sentence of between 36 and 60 months." (Doc. # 2 at 2.) He further states that under *United States v. Booker*, 543 U.S. 220 (2005), and the United States Sentencing Guidelines, his sentence "should have and could have been considerably less." (*Id.*) It is not clear that this is a separate argument of ineffective assistance of counsel. Assuming that it is,[3] the Court concludes that lacks merit. As the Court has determined, Petitioner's counsel was not ineffective for failing to investigate Petitioner's health condition. In any event, Petitioner has not established a reasonable probability that his sentence would have been different had counsel taken the actions Petitioner suggests he should have.

---

[3] This argument is barred by the plea agreement unless it is an ineffective assistance claim, as it clearly is not a prosecutorial misconduct claim. (Doc. # 7 Attach. C at 4.)

5

Petitioner also requests an evidentiary hearing. Because the motion and the record conclusively show that Petitioner is entitled to no relief, the Court need not conduct an evidentiary hearing. *See* 28 U.S.C. § 2255 (providing that a court shall grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *see Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. # 1) is DENIED.

2. Petitioner's second Motion to Expedite (Doc. # 14) is DENIED as moot.

3. A separate judgment will be entered.

DONE this the 1st day of August, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE